## LUKE HOUGHTON *vs.* SPENCER FIELD.

Where an equity of redemption is attached and sold on execution, as provided in the Rev. Sts. *c.* 73, § 37, the time limited for the bringing of a bill in equity to redeem the same, under the provisions of § 44, is one year from the time of the sale.

THE plaintiff brought his bill in equity to redeem an equity of redemption, which had been attached and seized on execution as the property of Edmund H. Houghton, and sold and conveyed by the officer to the defendant.

The bill was filed on the 30th of August, 1847, and alleged, that, on the 8th of January, 1844, Edmund H. Houghton, being seized in fee of certain real estate in Barre, mortgaged the same to Jason Mixter ; that, on the 8th of August, 1845, the mortgagor's interest therein was attached on mesne process ; that, on the 24th of November, 1845, the mortgagor, having continued in possession of the mortgaged premises, mortgaged the same to the plaintiff, subject to the prior mortgage to Mixter, and to the attachment ; that both the mortgages remained unpaid and in full force ; that, on the 31st of August, 1846, the interest of the mortgagor in the mortgaged premises was regularly sold on execution, in pursuance of the

attachment thereof, and was conveyed to the defendant by a deed dated the 16th of November, 1846; and that the defendant had since been seized and possessed of the same, subject to the right of redemption. The bill concluded with a prayer, that the amount due on the redemption, which the plaintiff offered to pay, might be ascertained; and that he might be allowed to redeem upon such payment.

The answer admitted the facts stated in the bill, but alleged further, that, on the 28th of January, 1846, the mortgagor petitioned a master in chancery for relief as an insolvent debtor, and such proceedings took place thereupon, that Daniel Bacon was appointed his assignee ; that the attachment of the equity of redemption being ordered by the master to be kept alive, the assignee was permitted by the court to proceed, and did proceed to judgment, with the suit on which the same was made ; that the debtor's interest in the mortgaged premises was duly sold on execution, as set forth in the bill, to satisfy the judgment thus obtained, and the proceeds of the sale, exclusive of costs, vested in the assignee ; that, on the 6th of January, 1848, the defendant agreed with the assignee, in writing, under seal, that the latter might, at any time before the 1st of April, 1848, bring his bill to redeem the equity of redemption from the sale on execution, with the same effect as he might have done previous to the 30th of August, 1847 ; that, on the 9th of March, 1848, Bacon, the assignee, filed his bill in equity to redeem, which was duly proceeded with, and is now pending in this court ; that the defendant is informed and believes, that Bacon intends to dispute the validity of the plaintiff's mortgage, on the ground, that the same was made without consideration, and to conceal property from creditors; that the defendant is ready and willing to do in the premises whatever he ought by law to do ; that the plaintiff and Bacon both claim the right to redeem, and the defendant is advised that he cannot safely determine to which of them it belongs; and that he has filed his bill of interpleader, praying that they may interplead, in order that this question may be determined between them

*W. A. Bryant,* for the defendant, moved to dismiss the bill, on the ground that it was not filed within a year from the levy, as required by the Rev. Sts. *c.* 73, § 41.

*F. H. Dewey,* for the plaintiff, referred to the Rev. Sts. *c.* 73, §§ 24, 27, 31, 37, 40, 42, 44, 47; and contended, further, that the objection came too late; not being relied on in the answer. *Tucker* v. *Buffum,* 16 Pick. 46.

*Bryant,* in reply, cited Story's Eq. J. § 503.

SHAW, C. J. Several questions arise in this case, and in that of Bacon against the same defendant, which, we understand, are not yet ready for a hearing; but one question has been argued, which is preliminary in its nature, and lies at the foundation of the suit.

This is a bill in equity to redeem an equity of redemption, which has been sold on execution, pursuant to the statute. The suit was commenced within one year from the time of the sale at auction; but not within one year from the commencement of the levy. The question is, whether the suit was brought within the time limited by law. This depends upon the construction of several provisions of the revised statutes.

By the Rev. Sts. *c.* 73, § 31, an equity of redemption of real estate may be levied upon and set off on execution, the value of the incumbrances being deducted, and be held by the creditor, subject to redemption; or by § 37, such right in equity may be sold at auction, if the creditor prefer it, subject also to the mortgagor's right of redemption. In the present case, the equity of redemption was taken and sold pursuant to the election given to the creditor by this last provision.

The forty-second section gives the right of redemption, and provides that any equity of redemption, which has been taken and sold, as before provided, may be redeemed at any time within one year after such sale, upon payment or tender by the debtor of the sum for which the premises were sold, and the purchaser shall thereupon execute a release of such right.

Thus far, it appears to us clear, that the sale is the date from which the term of one year is to be computed. This is a point of time which is made conspicuous by the advertisements, and by the fact of sale. The statute makes a marked distinction between the sale and the commencement of the levy. By a prior clause, § 41, the commencement of the levy, for saving the attachment, is to be dated from the first notice of the sale, and the sale cannot be sooner than thirty days thereafter, and may be considerably later, either by the first notice, or according to § 40, by adjournments. The forty-second section gives a right to redeem, by paying or tendering, as above stated; but if there has been no tender, the case is brought within the forty-fourth section, which provides that if the purchaser shall not, within seven days after a tender, release the right of redemption, or, if there shall have been no tender, then, "the debtor may have the like remedies for recovering the right of redemption, as are before provided in the like cases, for the redemption of land that is not under mortgage." What are those remedies?

We find the answer in the same chapter. The twenty-sixth section gives a remedy by writ of entry, where the debtor tenders the sum justly due for redemption, and the creditor fails to release the premises, within seven days after the tender; and the twenty-seventh provides, that, instead of a writ of entry, the debtor may bring a bill in equity for redemption, whether he has made a previous tender or not, provided the suit be commenced within one year after the levy of the execution. In this respect, the provision is like that for the redemption of land levied upon, which, by the twenty-fourth section, must be within one year after the levy. In cases of levy, where the estate passes without sale, some period must be fixed by positive law, and the first act of the levy is as definite and conspicuous as any other.

It seems clear, then, that by the statute regulating the redemption of estates levied upon, there are three cases or modes in which the debtor may prosecute his right to redeem,

namely, by payment, by tender, and by the commencement of a bill to redeem. The difference between making a tender and not making one may affect the costs ; but the right is clearly given to commence a suit for redemption without a previous tender ; and this must be within one year of the levy.

And we think, that by the provisions of the forty-second and forty-fourth sections, already cited, the same right is given to redeem an equity of redemption, which has been sold on execution, by payment or tender, or without tender ; with a difference as to the time of the commencement of the year, within which the proceeding is to be instituted, which is fixed by the sale and not by the levy. If it be argued, that a reference to the provisions of prior sections, for " like remedies," extends to a limitation of the time from the levy, which is one of them, we think the answer is, that the provision that this limitation shall commence from the sale is fixed by express enactment, and that the reference to those other sections, for like remedies, is fully satisfied, by adopting those provisions in other particulars. " Like " does not necessarily mean the same in all particulars, but rather the contrary. We think the suit was seasonably commenced, and must proceed.